UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENITA WOMACK,

    Plaintiff,

v.

                                  Civil Action No. 14-12615

                                  HONORABLE DENISE PAGE HOOD

WAL-MART STORES, INC. and
WAL-MART STORES EAST, LIMITED
PARTNERSHIP,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER DISMISSING ACTION

**I.    BACKGROUND**

On July 2, 2014, Plaintiff Renita Womack filed the instant suit against Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, Limited Partnership (collectively, "Wal-Mart") alleging a negligence claim based on premises liability.

On July 3, 2013, around 7:00 a.m. or 8:00 a.m. Womack was at a Wal-Mart in Williamsburg, Kentucky. (Womack Dep. at 28, 32) Womack and her then-boyfriend, John Warren, III, were traveling through Kentucky. (Womack Dep. at 32) It had been raining that day and it was misty when they drove into the parking lot, which was wet. (Womack Dep. at 35) Warren was driving the car at that time when he parked the car

in the Wal-Mart parking lot. Womack got out of the car, walked through the Wal-Mart breezeway, on a floor with a concrete, brownish surface. (Womack Dep. at 37-38) Womack testified there were no rugs or caution cones on the floor. (Womack Dep. at 36-37) Womack indicated that she was walking, looking down, paying attention to where she was going and then slipped and fell on the floor. (Womack Dep. at 38) After she fell, she noticed clear liquid on the floor, which she believed was water. (Womack Dep. at 40-41) Womack believed that the liquid had been there for a long period of time because she saw the cart tracks were wet. (Womack Dep. at 41) At the time of the fall, Womack's right arm, neck and back were hurting. (Womack Dep. at 44)

A customer assisted Womack to get up from the floor and once she had gotten herself together, proceeded into the store. (Womack Dep. at 43-44) Womack told a greeter about her fall, who indicated she should fill out an incident report. (Womack Dep. at 44) Womack then proceeded to purchase Blistex and thereafter filled out an incident report with the store. (Womack Dep. at 44) Womack left the store and thereafter went to urgent care in Johnson City, Tennessee, about 20 minutes away from the store. (Womack Dep. at 45)

Wal-Mart asserts that the still photos from video surveillance which captured the incident demonstrate that there was a floor mat down on which Womack traversed

across the mat prior to her fall. (Motion, Doc. No. 18, Ex. B) Wal-Mart further asserts that the photos demonstrate that Womack fell just a few feet from a bright orange/yellow caution cone. (Motion, Doc. No. 18, Ex. B)

This matter is now before the Court on Wal-Mart's Motion for Summary Judgment. A response and reply have been filed.

## II.   ANALYSIS

### A.   Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. Open and Obvious

Wal-Mart argues that the open and obvious doctrine should be applied in this case because the substance which caused Womack's fall was rain water tracked in by other customers. Womack responds that a plaintiff's observation may be considered as to whether the hazard is open and obvious, and, based on Womack's observation of the substance, it was not open and obvious.

To establish a prima facie case of premises liability, a plaintiff must prove elements of negligence: 1) the defendant owed the plaintiff a duty; 2) the defendant breached that duty; 3) the breach was the proximate cause of the plaintiff's injury; and, 4) the plaintiff suffered damages. *Sanders v. Perfecting Church,* 303 Mich. App. 1, 4 (2013). The duty a premises possessor owes to individuals who enter its

4

premises is determined by the visitor's status. *Stitt v. Holland Abundant Life Fellowship,* 462 Mich. 591, 596 (2000). In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Joyce v. Rubin,* 249 Mich. App. 231, 238 (2002). However, a premises possessor is not an absolute insurer of an invitee's safety and is not required to protect an invitee from dangerous conditions that are "open and obvious." *Lugo v. Ameritech Corp.,* 464 Mich. 512, 516 (2001). The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable precautions to avoid. *Hoffner v. Lanctoe*, 492 Mich. 450, 460-61 (2012). A danger is open and obvious even if the plaintiff did not know of its existence where, under the circumstances, "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.*, at 461. The focus of the test is on the "objective nature of the condition of the premises at issue, not the subjective degree of care used by the plaintiff." *Lugo*, 464 Mich. at 524. "The test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v. Blarney Castle Oil Co.,* 281 Mich. App. 474,

5

479 (2008).

Viewing the evidence in the light most favorable to Womack, the wet floor at issue by the entrance of the store was an open and obvious danger. A reasonable person in Womack's position would have known that the entrance to the store might be wet since it had been raining. Womack testified that it had been raining, the parking lot was wet and it was misty when she went into the store. "A reasonable person would likely be aware that there may be water on the floor inside a building as a result of the opening of the outer doors during the rain by persons entering and leaving the building, as well as people tracking it in on their shoes or having it drip from off their person." *Shah v. Bon Ton Dep't Stores, Inc.,* 2011 WL 679306 at * (Mich. App. Dec. 27, 2011).

Additionally, the still pictures submitted by Wal-Mart show that there was an orange caution sign on the floor warning customers of a potential risk. "Regardless of whether the wet floor itself was an open and obvious condition, the wet floor signs posted at each store entrance to warn customers of a potential risk certainly were" and "[t]he proper display of a wet floor sign makes the danger associated with a wet floor open and obvious as a matter of law, and is in fact why such signs are used." *Finazzo v. Speedway LLC*, 2012 WL 3966371 at *3 (E.D. Mich. Sept. 11, 2012). The fact that Womack did not see the sign is not relevant since the nature of the open and obvious

doctrine "asks not whether a risk was obvious to a particular plaintiff, but whether it is reasonable to expect that an 'average person with ordinary intelligence would have been able to discover [it] upon casual inspection.'" *Id.* (quoting *Novotney v. Burger King Corp.,* 198 Mich. App. 470, 475 (1993)). The wet floor, as testified to by Womack, by the entrance of the store on a rainy or misty day, is open and obvious.

### C. Special Aspect

If a danger associated with a wet floor was open and obvious, a defendant owes a duty to protect a plaintiff only if "special aspects" of the wet floor made it "unreasonably dangerous." *Lugo*, 464 Mich. at 517. Such aspects exist when the danger is "effectively unavoidable" or "impose[s] an unreasonably high risk of severe harm." *Id.* at 518. The risk associated with a wet floor does not impose a high risk of severe harm because it is not uniquely severe and does not involve an especially high likelihood of injury. *Finazzo*, 2012 WL 3966371 at *4 (citing, *Bertrand v. Alan Ford,* 449 Mich. 606, 614 (1995)). The risk posed by a wet floor is also avoidable if there is an alternative route to avoid the danger. *Id.* In this case, there were other doors available to Womack and she could have walked around the wet part of the floor. It is not relevant that a plaintiff actually saw the wet floor or the sign. *Id.* A defendant owes a duty only to "protect or warn" its business invitees from that danger, and because Wal-Mart in this instance posted a wet floor sign at the store

7

entrance, it has not breached that legal duty to Womack. *Id.* Wal-Mart has carried its burden showing that summary judgment as a matter of law is applicable in this case and Womack has failed to show that a "special aspect" applies in this case.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion for Summary Judgment **(Doc. No. 18)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice and designated CLOSED on the Court's docket.


s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager